IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES DLESTER CRANDLE,          :

    Petitioner,                 :

vs.                              :     CA 17-0090-KD-C

HONORABLE JUDGE BOB SHERLING,:
et al.,
                                 :
    Respondents.

## REPORT AND RECOMMENDATION

James Dlester Crandle, a state pretrial detainee housed in the Mobile County Metro Jail, has filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. 1). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). It is recommended that Crandle's petition be **DISMISSED** without prejudice, prior to service, to afford him an opportunity to exhaust all available state remedies.

## FINDINGS OF FACT

Piecing together the allegations contained in the petition (*see* Doc. 1, at 6-8), with those contained in the motion to dismiss (Doc. 3), it appears to the undersigned that Crandle was arrested on July 29, 2016 and incarcerated in the Mobile County Metro Jail on charges related to the robbery and shooting of 90-year-old Booker Green (*compare* Doc. 1 *with* Doc. 3). Bond was set at $250,000 by Mobile County District Judge Bob Sherling, which petitioner complains that he cannot afford to pay (Doc. 1, at 2 & 7) and, therefore, contends, violates his Eighth Amendment rights (*id.* at 6). In the petition,

Crandle seeks to challenge: (1) the seizure of his cell phone without a warrant; (2) his arrest on "hearsay;" (3) the unconscionable $250,000 bond, as well as the district court's reliance on inaccurate evidence (that is, that he was purportedly out on bond at the time of his arrest on July 29, 2016) in setting the bond (*see id.* 6-7); and (4) the purported lack of evidentiary support for the charges lodged against him (*see* Doc. 3). Concurrent with filing his habeas complaint, Crandle filed a motion to proceed without prepayment of fees and costs (Doc. 2) and a motion to dismiss (*see* Doc. 3).[1]

## CONCLUSIONS OF LAW

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

---

[1] In light of the contents of this report and recommendation, Crandle's motion to proceed without prepayment of fees (Doc. 2) is **DENIED AS MOOT**, as is his motion to dismiss the state charges pending against him (Doc. 3).

In addition to the foregoing, the undersigned would simply note that habeas corpus is not the proper vehicle for Crandle to request this Court to "grant [him] a civil lawsuit[] against Det. Nick Crepeau[ and] A.D.A. Jennifer Wright for discriminating[] (sic) and assassinating [his] character to the public." (Doc. 1, at 8.)

Provided two requirements are satisfied, a state pretrial detainee like Crandle can raise constitutional claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See, e.g.*, *Robinson v. Hughes,* 2012 WL 255759, *2 (M.D. Ala. Jan. 5, 2012), *report and recommendation adopted*, 2012 WL 253975 (M.D. Ala. Jan. 27, 2012). First, the petitioner must be "in custody," albeit "not pursuant to the final judgment of a state court[,]" *id.*, citing *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987); 28 U.S.C. § 2241(c), and, second, he "must have exhausted his available state remedies." *Id.*; *see Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-489 & n.4, 93 S.Ct. 1123, 1126-1127 & n.4, 35 L.Ed.2d 443 (1973) (finding petitioner had satisfied § 2241(c)(3)'s "in custody" requirement and that he had exhausted "all available state remedies as a prelude to this action.").

Here, Crandle is incarcerated in the Mobile County Metro Jail awaiting trial on unknown charges arising in Mobile County, Alabama. Therefore, he satisfies the "in custody" requirement for purposes of § 2241.

Turning to the second requirement, the United States Supreme Court in *Braden, supra,* certainly gave every indication that a petitioner must exhaust all available state remedies under an action brought pursuant to § 2241. *See* 410 U.S. at 485-489, 93 S.Ct. at 1125-1127. "Although the statutory language of 28 U.S.C. § 2241 itself does not contain an exhaustion requirement, this circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Robinson, supra,* at *2 n.3 (citations omitted); *see also Skaggs v. Morgan,* 2012 WL 684801, *3 (N.D. Fla. Jan. 31, 2012) ("Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that although § 2241 establishes jurisdiction in

the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."), *report and recommendation adopted,* 2012 WL 684766 (N.D. Fla. Mar. 2, 2012).

A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a

habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'"*Id*. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. June 27, 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. Nov. 16, 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A

5

federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under *Fay v. Noia*, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In this case, Crandle certainly has not exhausted his claims (*see* Doc. 1, at 6-8) in the Alabama Supreme Court nor has he established any basis for this Court to excuse the exhaustion requirement. Because petitioner has failed to exhaust his claims in state court, he is not entitled to relief pursuant to § 2241.

> In addition to the foregoing,
>
> under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court is not allowed. Federal habeas relief should not be used as a pretrial motion forum for state prisoners.

*Robinson, supra,* at *2 (internal citations, quotation marks and brackets omitted). Nothing about Crandle's allegations establish evidence of bad faith prosecution nor do his sparse allegations entitle him to review under the "irreparable injury" exception recognized in *Younger v. Harris,* 401 U.S. 37, 53-54, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971). *See id.* at *3. Finally, petitioner has made no showing that he has no available state corrective process, nor does he present any argument warranting "federal court interference in the normal functioning" of Alabama's criminal processes. *Id*. As noted by the *Robinson* court, the state courts of Alabama offer "adequate and effective state procedures for review of [petitioner]'s constitutional claims either before trial or, in the event [petitioner] is convicted, through appellate and post-conviction proceedings." *Id*.

Because Crandle has not established any reason for this Court to excuse him from the exhaustion requirement, his § 2241 petition is due to be dismissed without prejudice to afford him the opportunity to exhaust all available state court remedies before pursuing federal habeas corpus relief.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). State pretrial detainees, like Crandle, "must obtain a COA to appeal the denial of a federal habeas petition filed pursuant to 28 U.S.C. § 2241." *Daker v. Warren,* 2012 WL 2403437, *8 (N.D. Ga. June 25, 2012) (citations omitted); *see also Hiteshaw v. Butterfield,* 262 Fed.Appx. 162, 163 (11th Cir. Jan. 10, 2008) ("Hiteshaw's detention arises out of a state court pre-trial detention order issued after the court found probable cause to believe that Hiteshaw was a sexually violent predator under the Jimmy Ryce Act. Our reasoning in *Medberry* supports that Hiteshaw's detention arises out of process issued by a state court because the detention arose from

7

a state court detention order[; thus, petitioner was required to obtain a COA to appeal.]");[2] *Sawyer v. Holder,* 326 F.3d 1363, 1364 n.3 (11th Cir.) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal."), *cert. denied,* 540 U.S. 900, 124 S.Ct. 258, 157 L.Ed.2d 181 (2003). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the petitioner has not exhausted state remedies and has not established any reason for this Court to excuse him from exhaustion of those remedies, a reasonable jurist could not conclude either that this Court is in error in dismissing Crandle's petition, without prejudice, for want of jurisdiction or that Crandle should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

---

[2] There is simply no question but that Crandle's detention arises out of process issued by an Alabama state court.

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Because a § 2241 petitioner must obtain a COA to appeal, the same as a § 2254 petitioner, the undersigned simply notes that Rule 11(a) of the Rules Governing § 2254 Cases provides for the following procedure: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Accordingly, if there is an objection to this recommendation by Bass, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that James Dlester Crandle's habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** without prejudice to afford him an opportunity to exhaust all available state remedies. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of March, 2017.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**